**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re: | § § § | Chapter 11 |
| Main Line Expo Inc., | § § | Case No. 25-12825-DJB |
| Debtor. | § § § | |

**MOTION OF THE UNITED STATES TRUSTEE TO COMPEL THE DEBTOR TO CLOSE ITS PREPETITION BANK ACCOUNT AND OPEN A DEBTOR-IN-POSSESSION ACCOUNT AT A BANK THAT IS PARTY TO A UNIFORM DEPOSITORY AGREEMENT**

Andrew R. Vara, the United States Trustee for Region 3 ("U.S. Trustee"), by and through his undersigned counsel, hereby moves (this "Motion") for entry of an order, pursuant to sections 105 and 345 of title 11 of the United States Code (11 U.S.C. § 101 *et seq.*, the "Bankruptcy Code"), compelling Main Line Expo Inc. (the "Debtor") to close its prepetition bank account and open a debtor-in-possession account at a bank that is party to a Uniform Depository Agreement ("UDA") with the U.S. Trustee. In support of this Motion, the U.S. Trustee states as follows:

**PRELIMINARY STATEMENT**

1.  Bankruptcy Code section 345 places an obligation on the debtor in possession to require protection for its funds from the institutions which hold such funds. Bankruptcy Code section 345 obligates the debtor-in-possession to require from an entity with which estate funds are invested (i) a bond having features defined in section 345(b) or, alternatively, (ii) the deposit of securities consistent with 31 U.S.C. § 9303, unless the court orders otherwise for "cause."

1

2. The U.S. Trustee, in its supervisory role pursuant to 28 U.S.C. § 586, assists with protection of debtor-in-possession funds by its entry into UDAs, which obligate depositories to (i) maintain collateral for bankruptcy funds on deposit in an amount no less than 115% of debtor-in-possession deposits which exceed Federal Deposit Insurance Corporation ("FDIC") insurance limits and (ii) provide quarterly reports of collateral securing funds on deposit for all bankruptcy estate accounts at all branches of the depository within the district.

3. Here, the Debtor continues to maintain its funds in its prepetition bank account at a bank that is not a party to a UDA. The Debtor has not requested any waiver of Bankruptcy Code section 345(b) nor offered any evidence that would establish "cause" under section 345(b). There has been no showing that the funds will be sufficiently protected in the absence of compliance. The Debtor must be required to close its prepetition bank account and open a debtor-in-possession account at a bank that is party to a UDA (a "UDA Bank").

4. Finally, the Debtor must file timely and complete monthly operating reports ("MORs") throughout the entirety of this case. The MORs filed with the Court require that bank statements and bank reconciliations for the reporting period be attached. Timely and complete MORs will, among other things, assist the U.S. Trustee and parties-in-interest in ensuring (i) any operation of the Debtor's cash management system is consistent with this Court's authorization and (ii) deposits remain in authorized depositories where estate funds are appropriately collateralized and maintained in accordance with Bankruptcy Code section 345.

## JURISDICTION

5. Under (i) 28 U.S.C. § 1334, (ii) applicable order(s) of the United States District Court for the Eastern District of Pennsylvania issued pursuant to 28 U.S.C. § 157(a), and (iii) 28 U.S.C. § 157(b)(2), this Court has jurisdiction to hear and determine this Motion.

6. The U.S. Trustee is charged with overseeing the administration of chapter 11 cases filed in this judicial district, pursuant to section 586 of title 28 (28 U.S.C. § 101 *et seq.*, the "Judiciary and Judicial Procedures"). This duty is part of the U.S. Trustee's overarching responsibility to enforce the bankruptcy laws as written by Congress and interpreted by the courts to guard against abuse and over-reaching to assure fairness in the process and adherence to the provisions of the Bankruptcy Code. Under Bankruptcy Code section 307, the U.S. Trustee has standing to be heard on the Motion.

7. The U.S. Trustee consents to the entry of a final order or judgment by the court if it is determined that the court, absent consent of the parties, cannot enter a final order or judgment consistent with Article III of the United States Constitution. *See* L.B.R. 9014-3(b)(2).

## BACKGROUND AND FACTS

8. On July 15, 2025 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

9. The *United States Trustee's Operating Guidelines* (the " U.S. Trustee Guidelines") identify and explain the requirement for the Debtor to close all of its

3

existing bank accounts and open new bank accounts which must be (i) designated as debtor in possession accounts (each a "DIP Account" and collectively "DIP Accounts") and (ii) maintained subject to certain conditions designed to ensure the protection of estate funds and proper administration of the bankruptcy case. DIP Accounts are required to be maintained with an authorized depository that is party to a Uniform Depository Agreement ("UDA") with the U.S. Trustee.

10. The U.S. Trustee Guidelines and the obligations related to DIP Accounts were discussed at the initial debtor interview conducted by the U.S. Trustee and attended by the Debtor on July 29, 2025.

11. On August 4, 2025, the U.S. Trustee again informed the Debtor of the requirement to open a DIP Account.

12. Nevertheless, the Debtor continues to maintain its funds in its prepetition bank account (the "Unprotected Bank Account") maintained at a bank that is not a party to a UDA.

**RELIEF REQUESTED**

13. Through this Motion, the U.S. Trustee seeks entry of an order compelling the Debtor to close the Unprotected Bank Account and open a DIP Account at a bank that is party to a UDA with the U.S. Trustee.

**DISCUSSION**

14. Section 345(b) imposes certain requirements as to where estate funds can be held to protect the funds for the benefit of all creditors. Unless a deposit or investment is insured or guaranteed by the United States (or a federal department, agency, or instrumentality) or backed by the full faith and credit of the United

States, the debtor-in-possession must require from an entity with whom estate funds are deposited to post a bond in favor of the United States or, in the alternative, deposit securities of the type specified in section 9303 of title 31 of the United States Code as security for the investment or deposit. *See* 11 U.S.C. § 345(b). Section 345(b) requires that estate funds be deposited or invested so as to ensure that the funds are protected for the benefit of creditors. *See* 11 U.S.C. § 345(b). A court may waive the requirements of section 345, but only upon the showing of "cause." *Id*.

15.     To ensure that debtors-in-possession meet their responsibilities to safeguard funds in accordance with Bankruptcy Code section 345, the U.S. Trustee monitors fiduciaries and depositories, and requires that chapter 11 estate assets be held in debtor-in-possession accounts at "authorized depositories," *i.e.*, those that have entered into a UDAs with the U.S. Trustee. *See* United States Trustee Program Policy and Practices Manual, Volume 7, "Banking and Bonding," (the "Manual"), §§ 7-1.1 – 7-1.2.[1]

16.     Pursuant to the U.S. Trustee's responsibilities under Bankruptcy Code section 345 and Judiciary and Judicial Procedures section 586, the U.S. Trustee has entered into UDAs with multiple financial institutions. The UDA between the authorized depository and the U.S. Trustee requires the authorized depository to maintain collateral, unless an order of the bankruptcy court provides otherwise, in

---

[1] The manual is available at: https://www.justice.gov/ust/united-states-trustee-program-policy-and-practices-manual.

5

an amount of no less than 115 percent of the aggregate bankruptcy funds on deposit in each bankruptcy estate that exceeds the insurance limit of the FDIC. *See* Manual, § 7-1.2.1. Pursuant to the UDA, each authorized depository is required to provide quarterly reports of collateral securing funds on deposit for all bankruptcy estate accounts at all branches of the depository within the district. *See* Manual, § 7-1.3.2.

17. The UDA safeguards estate monies on deposit at authorized depositories if those banks fail or encounter other difficulties during a case. Specifically, the UDA makes all estate monies on deposit immediately due and payable if the depository bank fails, suspends active operations or becomes insolvent, or if a receiver, conservator or liquidator is appointed for the bank.

18. Here, the Debtor has not complied with Bankruptcy Code section 345(b), the U.S. Trustee Guidelines, or the Manual. The Debtor has not opened a DIP Account at a bank that is party to a UDA with the U.S. Trustee. The Debtor must be required to comply for the protection of its creditors.

19. While Debtor may argue that a small account balance in the Unprotected Bank Account ostensibly ameliorates concerns, the Unprotected Bank Account nonetheless remains exposed. The account remains open and active, could hold significant funds at any time, and those funds would remain unprotected from loss as required by Bankruptcy Code section 345(b). As the funds are held at a non-UDA bank, no amounts held in the Unprotected Bank Account will be collateralized.

20. Moreover, as set forth above, banks that are a party to a UDA are required to provide the U.S. Trustee with reports of all accounts that a debtor maintains at the bank on a quarterly basis. The Unprotected Bank Account is held at a bank that is not party to a UDA, is not an approved depository, and is not obligated to provide reporting to the U.S. Trustee and thus, is not subject to proper monitoring. If the Debtor is permitted to continue to use the Unprotected Bank Account, the funds would be held without the necessary monitoring, oversight, and ability to safeguard the funds for the benefit of the estate.

21. The Debtor continues to maintain its funds in the Unprotected Bank Account, yet the Debtor has not requested any waiver of Bankruptcy Code section 345(b) nor offered any evidence that would establish "cause" under section 345(b). There has been no demonstration of cause to waive the requirements here and no showing that the funds will be sufficiently protected in the absence of compliance.

## **CONCLUSION**

22. The Debtor's failure to comply with Bankruptcy Code section 345, the U.S. Trustee Guidelines, and the Manual places estate funds at risk. The Debtor must be required to immediately close the Unprotected Bank Account and open a DIP Account at a bank that is party to a UDA with the U.S. Trustee.

**WHEREFORE,** the U.S. Trustee respectfully requests the entry of an order granting the relief requested herein and granting such other and further relief as the Court deems just and proper.

Dated: August 5, 2025

Respectfully submitted,

**ANDREW R. VARA**
**UNITED STATES TRUSTEE**
**For Regions 3 and 9**

By: /s/ *John Schanne*
John Schanne, Trial Attorney
Office of The United States Trustee
Robert NC Nix, Sr. Federal Building
900 Market Street, Suite 320
Philadelphia, PA 19107
Phone: 202.934.4154
John.Schanne@usdoj.gov